**FILED**
2:53 pm, Jun 08, 2016
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

EDWARD J. NIKSICH )
        Plaintiff, )
)
-v- ) CAUSE NO. 2:16-cv-206-JMS-DKL
)
CORIZON INC. et al. )
        Defendant. )

**VERIFIED COMPLAINT WITH JURY DEMAND**

### I. PARTIES

1. Plaintiff: Edward Niksich #912883 Wabash Valley Correctional Facility P.O. Box 1111, Carlisle, IN 47838.

2. Defendants:

    a. Corizon Inc. 103 Powell Ct. Brentwood, TN 37027.

    b. William Carr, Vice President of Operations, 9245 N. Meridian St. Suite 120, Indianapolis, IN 46260.

    c. Benjamin R. Loveridge MD, New Castle Correctional Facility, 1000 Van Nuys Rd. New Castle, IN 47362.

    d. Samuel Byrd, Wabash Valley Correctional Facility, P.O. Box 1111, Carlisle, IN 47838.

    e. Neil J. Martin, Wabash Valley Correctional Facility, P.O. Box 1111, Carlisle, IN 47838.

    f. Richard Brown, Wabash Valley Correctional Facility, P.O. Box 1111, Carlisle, In 47838.

    g. Dr. Hickman, Corizon Inc., 9245 N. Meridian St., Suite 120, Indianapolis, IN 46260.

    h. Kim Hobbson, Wabash Valley Correctional Facility, P.O. Box 1111, Carlisle, IN 47838.

## II. STATEMENT OF JURISDICTION

1. This is a civil action authorized by 42 U.S.C. 1983 where this Court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 28 U.S.C. 1331 and 1343.

2. This Court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. 1367.

3. The Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202.

4. The Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

5. No other law suits associated with the claims have been previously presented.

6. The United States District Court for the Southern District of Indiana, Terre Haute Division is an appropriate venue under 28 U.S.C. 1391(b)(2) because it is in the region of where the events took place.

## III. EXHAUSTION OF ADMINISTRAIVE REMEDIES

7. The plaintiff has exhausted his administrative remedies with respect to all claims and defendants.

## IV. CAUSE OF ACTION

8. Defendant Corizon Inc. have a policy, and custom of restricting, and denying medical care, treatment, and medication for serious medical illness and helping pain caused by

serious medical illness, which has jeopardized the plaintiff's health and physical condition, in violation of the Eighth Amendment of the United States Constitution.

9. Dr. Benjamin R. Loveridge MD. diagnosed the plaintiff with End Stage Liver Disease but failed to provide treatment or request consultation from a Hepatologist or GI Specialist for Evaluation and recommendation of a Liver Transplant as required by Health Care Service Directive 3.09(E) and in Violation of the Eighth Amendment of the United States Constitution, which amounts to denial of medical treatment.

10. Dr. Samuel Byrd MD. failed to request and/or provide medical treatment for consultation and recommendations for a Liver Transplant for End Stage Liver Disease. And Byrd further stopped the plaintiff's pain medication prescribed for abdominal pain due to End Stage Liver Disease, which caused the plaintiff pain and suffering in violation of Health Care Service Directive 3.09 (E) and the Eighth Amendment of the United States Constitution.

11. Neil J. Martin stopped pain medication and failed to treat a diagnosed medical illness of abdominal pain in violation of the Eighth Amendment of the United States Constitution.

12. William Carr, Vice President of Operations for Corizon, Inc., failed to intervene and direct Dr. Benjamin Loveridge and Dr. Samuel Byrd to follow Health Care Service Directive 3.09 (E) and provide the plaintiff with treatment, evaluation and recommendations for End Stage Liver Disease and a Liver Transplant and pain medication for his abdominal pain.

13. Richard Brown failed to intervene and/or direct Corizon Inc., Dr. Samuel Byrd MD. to follow Indiana Department of Correction Health Care Service Directive 3.09 (E) and

provide the plaintiff with a consultation recommendation for treatment for End Stage Liver Disease, in violation of the Eighth Amendment of the United States Constitution.

## V. **STATEMENT OF FACTS**

14. Dr. Hickman failed to treat or approve medical care to Edward Niksich which amounted to irreparable organ injury and damage which caused substantial pain and suffering violating the Eighth Amendment for the United States Constitution.

15. This is a civil action pursuant to 42 U.S.C. 1983 to redress the violation of the Eighth Amendment of the United States Constitution where the defendants acted under the color of law and are being sued in their individual and official capacities for the denial of medical treatment and denying adequate pain medication causing plaintiff wanton infliction of pain.

16. The plaintiff is a 52 year old male who has been incarcerated for over 25 years. For many years he had been diagnosed with Hepatitis C in which the defendants refused to treat until the plaintiff suffered Liver Failure and End Stage Liver Disease and Advanced Cirrhosis.

17. The plaintiff has had many arguments with the defendants and submitted many requests for a Liver Transplant and/or pain medication. All the plaintiff's arguments and requests were denied, by Dr. Benjamin Loveridge, Samuel Byrd, and Dr. Hickman.

### **(FACTS AND EVENTS AS THE PLAINTIFF RECALLS)**

18. On September 19, 2014 Dr. Benjamin R. Loveridge MD. diagnosed the plaintiff with End Stage Liver Disease and Abdominal Pain.

19. On October 23, 2014 the plaintiff requested to be sent out to see a Hepatologist for Consultation and recommendations of a Liver Transplant pursuant to Health Care Service Directive 3.09.

20. Dr. Benjamin R. Loveridge and Cindy Kienlen denied the plaintiff's Request and stated that neither know what Health Care Directive the plaintiff is referring to.

21. On February 23, 2015 Dr. Benjamin R. Loveridge MD. with the approval of Corizon Regional Medical Director, prescribed 15 mg. Morphine for abdominal pain associated with End Stage Liver Disease, but continued to refuse to submit a referral for a consultation from a Hepatologist for Liver Transplant.

22. On March 27, 2015 Dr. Benjamin R. Loveridge MD. continued to prescribe Morphine for abdominal pain. However, Loveridge continued to deny the plaintiff's pleas for consultation with a Hepatologist for recommendation of a Liver Transplant.

23. On September 10, 2015 Dr. Neil J. Martin MD. and Dr. Samuel Byrd MD. stopped the plaintiff's pain mediation and continued to deny the plaintiff's pleas for consultation with a Hepatologist for recommendation of a life saving Liver Transplant and to continued to deny prescription pain medication and treat the plaintiff's abdominal pain.

24. On February 10, 2016 the plaintiff was again seen by Dr. Samuel Byrd MD. for abdominal pain and requested for consultation with a Hepatologist. Both requests were denied. And Dr. Byrd failed to prescribed pain medication and treat the plaintiff's abdominal pain.

25. On April 26, 2016 the plaintiff wrote a letter or request to: William Carr president of operations for Corizon Inc., K Witty C.E.O. of Corizon, Inc., and Richard Brown, Superintendent of Wabash Valley Correctional Facility requesting that the defendants

named in this paragraph submit a referral for consultation with a Hepatologist for recommendations for a life saving Liver Transplant and to treat the plaintiff's abdominal pain with adequate pain medication. All requests were denied (Exhibit D).

26. On May 2, 2016 Dr. Samuel Byrd informed the plaintiff that his 'Liver Disease was getting worse and that only a Liver Transplant will save his life, but Dr. Hickman and Corizon Inc. will not grant a request for Liver Transplant.' However, Dr. Byrd never submitted a request for consultation with a Hepatologist, and failed to prescribe pain medication to treat the plaintiff's abdominal pain.

27. Dr. Byrd further failed to inform the plaintiff why Dr. Hickman and Corizon will not grant a request for a life saving Liver Transplant.

## RELIEF

Wherefore, the plaintiff requests this Court grant the following relief:

**A. Issue a declaratory judgment stating that:**

1. The withholding of the plaintiff's pain medication violated the plaintiff's Eighth Amendment rights to be free of cruel and unusual punishment.

2. The denial of medical treatment to the plaintiff's serious medical needs violated the plaintiffs Eighth Amendment rights to cruel and unusual punishment.

**B. Injunctive relief requiring the defendants to:**

1. Arrange for the plaintiff's medical condition to be reviewed by a Hepatologist for evaluation and recommendations for a liver transplant and placement on a donors list pursuant to the Plaintiff's MEID Score, and H.C.S.D. 3.09 (E).

2. Prescribe adequate pain medication for treatment of abdominal pain.

**C. Award compensatory damages in the following amounts:**

1. $700,000 jointly and severally against all defendants individually for physical and emotional injuries suffered as a result of the plaintiff's enduring pain and suffering due to physical organ damage, and End Stage Liver Disease.

2. $700,000 jointly and severally against all defendants individually for pain and suffering due to the denial of medical treatment for abdominal pain, and End Stage Liver Disease.

**D. Award punitive damages:**

1. To be determined by a jury.

**E. Trial by jury on all issues triable by a jury.**

**F. Costs and Fees accrued in this law suit.**

**G. Grant such relief as it may appear that the plaintiff is entitled:**

1. The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. The plaintiff has and will continue to irreparably be injured by the conduct of the defendants unless this Honorable Court Grant the relief herein.

<u>**AFFIRMATION OF THE PLAINTIFF**</u>

I, the plaintiff in the aforementioned cause of action, do hereby affirm that I have read all the statements contained in this complaint and believe them to be true and correct to the best of my personal knowledge and belief.

_____
Edward Niksich, plaintiff pro-se

## CERTIFICATE OF SERVICE

I, Edward Niksich, do hereby affirm that I have mailed one (1) true and complete copy of this motion for Preliminary Medical Injunction to the defendants at the below address by placing the same in a properly addressed envelope with sufficient first class postage affixed and placing the same in a US mailing box for prompt processing and mailing this 7th day of June, 2016.

Edward Niksich, plaintiff pro-se

**Defendants**

Corizon Inc.
103 Powell Ct.
Bentwood, IN 37027

Dr. Samuel Byrd
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

Richard Brown
Indiana Department of Correction
302 W. Washington St.
Indianapolis, IN 46204

William Carr
9245 N. Meridian St., Suite 120
Indianapolis, IN 46206

Dr. Benjamin Loveridge
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Dr. Neil J. Martin
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

Dr. Hickman MD
Corizon, Inc.
9245 N. Meridian St., Suite 120
Indianapolis, IN 46260

Kim Hobbson HAS
Wabash Valley Correction Facility
P.O. Box 1111
Carlisle, IN 47838

Cindy Kienlen HAS
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362