UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDWARD J NIKSICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-00206-JMS-MPB |
| ) | |
| CORIZON INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Appoint Rule 706 Neutral Expert**

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the defendants alleging that they violated his Eighth Amendment rights due to their deliberate indifference to his Hepatitis C and resulting liver issues, along with the pain associated with these conditions. Presently before the Court is the plaintiff's motion for the Court to appoint a neutral medical expert under Rule 706 of the Federal Rules of Evidence. The defendants oppose this motion. For the reasons explained below, the plaintiff's motion, dkt. [83], is **granted**.

**I.**

Rule 706 of the Federal Rules of Evidence permits the Court to appoint a neutral expert witness "that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). The purpose of this rule is to allow the Court to obtain neutral expert testimony when "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact." *Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). The Court, however, "need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) (citations omitted). In the interests of justice, the Seventh Circuit has recently encouraged district courts to utilize Rule 706 in cases

involving prisoner medical claims.  *See, e.g.*, *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015); *Rowe v. Gibson*, 798 F.3d 622, 632 (7th Cir. 2015).

As aptly explained by the plaintiff, there are at least four contested issues in this case involving complex medical evidence: (1) the medical necessity of prescription pain management during the several-month period it was withheld from the plaintiff; (2) whether the drug Norco, which was used for a period to treat the plaintiff's pain, is contraindicated with the plaintiff's end-stage liver disease; (3) whether the plaintiff is medically eligible to have a liver transplant; and (4) whether the plaintiff's incarceration makes a liver transplant medically appropriate.  Filing No. 83 at 4-5.  The plaintiff's medical condition and the appropriate treatment thereof is complicated, and it would greatly benefit the Court in ruling on the plaintiff's claims—whether at summary judgment or trial—for a neutral expert to opine on these medical issues.  The defendants will undoubtedly rely on their own expert testimony in support of their claims, and the Seventh Circuit has made clear that the Court "can always appoint [its] own expert [under Rule 706] to assist [the Court] in understanding and evaluating the proposed testimony of a party's expert."  *ATA Airlines, Inc. v. Federal Exp. Corp.*, 665 F.3d 882, 889 (7th Cir. 2011).  Moreover, these medical conditions, and what constitutes the appropriate treatment of them, are not easily "understood by a layperson."  *Turner*, 569 Fed. Appx. at 468.  The Court, therefore, concludes that utilization of a Rule 706 expert is the best course in this case.

The defendants set forth several objections to the appointment of a neutral expert under Rule 706, none of which are ultimately persuasive, and several of which merit some discussion.  First, the defendants argue that the plaintiff is "asking for a *supportive* expert to help meet his burden of proof," rather than a neutral one.  Filing No. 85 at 2.  This not only is untrue, but is nonsensical given that Rule 706 only permits the appointment of *neutral* expert.  *See, e.g.*, *Kennedy*

*v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("The judge could also have appointed a *neutral* expert witness under rule 706 . . . .") (emphasis added); *Dobbey*, 806 F.3d at 941 (suggesting that the district court on remand "exercise authority, conferred . . . by [Rule] 706, to appoint a *neutral* expert witness to advise on the medical issues presented by the case") (emphasis added).

The fact that any expert appointed pursuant to Rule 706 is a neutral expert also makes the defendants' rhetorical questions in their brief border on the inappropriate. For example, the defendants ask "if Corizon is forced to pay for an expert to review the case and the expert's opinions are favorable to Corizon, will the Court then force Corizon to pay for a second opinion?" Filing No. 85 at 7. Another example: "does the Court force Corizon to pay for experts until it finds one that is favorable to Plaintiff's case?" Filing No. 85 at 7. Such questions not only imply that the Rule 706 expert may not be neutral—which, as noted, reflects a complete misunderstanding of Rule 706—but also that the Court itself might not be neutral in its utilization of Rule 706. Such implications, without any basis for them, are of course inappropriate. *Cf. In re Kelly*, 808 F.2d 549, 551-52 (7th Cir. 1986) (noting that attorneys who make statements regarding other lawyers and judges must be "scrupulous regarding the accuracy of those statements"). Notably, the defendants have not offered any example of Rule 706 being utilized by this Court or any other in the manner they seem to infer it will be.

These questions are even more concerning given that another District Judge of this Court has roundly criticized this line of argument from Corizon in a recent decision:

> It should go without saying that the goal of appointing a neutral expert is to provide the Court with a neutral opinion regarding the plaintiff's claims. *See Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence, . . . , but it need not appoint an expert for a party's own benefit . . ."). The goal is not to create a record to ensure that the Plaintiff will win. The implication of the Defendants' third question—that this is a possibility—reflects a serious misunderstanding of both the role of a neutral expert and the role of this Court. Nowhere in the Entry does the Court propose that expert after expert

> be provided for until an expert favorable to the Plaintiff is found. Further, the costs of appointment of an expert once one party or the other prevails is discussed in the Entry proposing the appointment of an expert. Finally, it should be noted that appointment of a neutral expert does not otherwise alter the adversarial process. If, based on the findings of the neutral expert, or its own expert, the Defendants think they are entitled to judgment as a matter of law, they should file a motion for summary judgment and can rely on the neutral expert's opinion as appropriate.

*Kelly v. Talbit*, 2017 WL 743885, at *2 (S.D. Ind. 2017).

Between the warning in this Entry and the similarly strong worded rejection of Corizon's argument in *Kelly*, the Court assumes that the inappropriate implications of this line of argument will not be presented again by any of the defendants in this or future cases.

Second, the defendants argue at length that this Court should "disregard" the Seventh Circuit's decision in *Rowe* because "if applied, it would place an absurd and unworkable burden on this Court" and "would create an absurd and unfair result for the Defendants." Filing No. 85 at 4-7. It should go without saying that this Court cannot "disregard" circuit precedent. *See, e.g.*, *Hart v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan*, 360 F.3d 674, 680 (7th Cir. 2004) ("In this case, as in all others, the district court is required to follow a binding precedent of a superior court, and it abused its discretion in declining to do so.") (citation and quotation marks omitted). Even if there is no specific holding in *Rowe* that requires the Court to appoint a neutral expert in this case, the Court of course takes the reasoning in *Rowe* and other Seventh Circuit opinions seriously. It does so in concluding here that a Rule 706 expert is appropriate in this case.

Third, the defendants argue that *Rowe* is inapplicable because the plaintiff here, unlike in *Rowe*, is not pro se. As an initial matter, this is only true because the Court recruited pro bono counsel to represent the plaintiff in this action pursuant to Local Rule 87. But even if this were not true, the Seventh Circuit's exhortations in *Rowe* and other cases to appoint a neutral Rule 706 expert in cases such as this one are not limited to circumstances in which the plaintiff is pro se.

Indeed, the Seventh Circuit in *Rowe* explicitly suggests that recruiting counsel for a pro se litigant and appointing a neutral Rule 706 expert may *both* be appropriate. *See Rowe*, 798 F.3d at 631-32 ("[W]e urge the district judge to give serious consideration to recruiting a lawyer to represent Rowe; appointing a neutral expert witness, authorized by Fed. R. Evid. 706, to address the medical issues in the case; *or doing both*.") (citations omitted) (emphasis added).

Finally, most if not all of the defendants' remaining arguments against the appointment of a neutral Rule 706 expert are premised on the argument that *the plaintiff* does not need one. But again, the Court does not appoint a neutral Rule 706 expert to assist the plaintiff, but to assist the Court. A neutral Rule 706 expert's "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact," *Elcock*, 561 Fed. Appx. at 524, and can specifically aid in the Court's understanding of complex medical conditions, *see Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (suggesting that district courts can use Rule 706 to aid the Court in "learning about the [plaintiff's medical] condition").

For the foregoing reasons, the Court will appoint a neutral medical expert pursuant to Rule 706.

## II.

The following procedure shall apply to the appointment of a neutral expert:

A. The expert(s) should be selected as follows: (1) each party should submit to the other by **August 14, 2017**, a list of three potential experts who are qualified and willing to opine on the matters at issue in this case; (2) within 14 days of exchanging these lists, the parties should confer to determine if they can agree to one of the six potential experts; (3) during that conference, if the parties cannot agree on an expert, each party can strike two of the experts on the other party's list, leaving two potential experts, one from each list; and (4) the remaining two experts will be submitted to the Court for consideration and the Court shall determine which of the two should be appointed.

B. The parties shall confer and attempt to reach an agreement regarding the scope of the inquiry to be conducted by the Rule 706 expert and will file a Notice

containing the proposed scope by **August 14, 2017**. If they cannot reach an agreement regarding the scope of the inquiry, they shall file competing statements that set forth their position regarding the proper scope of the expert's testimony. The parties should note that, given one of the purposes of the expert is "to assist [the Court] in understanding and evaluating the proposed testimony of a party's expert," *ATA Airlines, Inc.*, 665 F.3d at 889, the parties should ensure that the proposed scope of testimony includes at least the topics about which their own experts, if any, will opine.

C. Once the expert has been selected, the Court will issue an order appointing the expert in this case and setting forth deadlines for the parties to provide the expert with the relevant discovery and a deadline for the expert to render his or her opinion, which shall be filed with the Court.

D. Costs incurred in appointing the expert will be apportioned as follows: the first $15,000 in costs incurred through the use of the Rule 706 expert will be borne equally by the defendants and the Court, the Court's share to be paid in the spirit of Local Rule 87(g). This means that the Court will contribute up to $7,500 to pay the expert. Any fees charged by the Rule 706 expert(s) above $15,000 will be borne by the defendants in the first instance. The parties are reminded that the prevailing party is entitled to seek recovery of the costs of hiring an expert. *See* 42 U.S.C. § 1988. The plaintiff is notified that if he does not prevail in this action he may be required to pay the costs associated with compensating the court appointed expert witness consistent with 28 U.S.C. § 1915(f).

**IT IS SO ORDERED.**

Date: 7/19/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD J NIKSICH
912883
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

John P. Higgins
KATZ  KORIN CUNNINGHAM, P.C.
jhiggins@kkclegal.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Kristopher N. Kazmierczak
KATZ  KORIN CUNNINGHAM, P.C.
kkaz@kkclegal.com

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com

Sally F. Zweig
KATZ  KORIN CUNNINGHAM, P.C.
szweig@kkclegal.com